**Jed W. Manwaring ISB #3040**
**Christy A. Kaes ISB #4852**
**EVANS KEANE LLP**
**1161 W. River Street, Suite 100**
**P. O. Box 959**
**Boise, Idaho 83701-0959**
**Telephone: (208) 384-1800**
**Facsimile: (208) 345-3514**
**E-mail: jmanwaring@evanskeane.com**
**ckaes@evanskeane.com**

**Attorneys for Trustee, Noah G. Hillen**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**FARMERS GRAIN, LLC,**<br><br>    Debtor. | Case No. 17-00450-TLM<br><br>Chapter 7 |
| **NOAH G. HILLEN, Trustee,**<br><br>    Plaintiff,<br><br>vs.<br><br>**JANTZ FAMILY FARMS LLC,**<br><br>    Defendant. | Adversary Case No. |

## COMPLAINT

Plaintiff, Noah G. Hillen, Trustee ("Plaintiff"), alleges as follows:

1.    Jurisdiction in this court arises pursuant to 28 U.S.C. §§ 1334 and 157. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(2).

2.    Plaintiff is the duly appointed trustee for the above chapter 7 case.

COMPLAINT - 1

3.  Defendant Jantz Family Farms LLC is an Oregon corporation doing business in Vale, Oregon, and having its principal place of business at 1275 Hwy 20-26, Vale, Malheur County, Oregon.

4.  On April 18, 2017, debtor filed a Voluntary Petition ("Petition") for bankruptcy pursuant to Chapter 11 of the Bankruptcy code. On August 15, 2017, the Court converted the case to a case to a Chapter 7 liquidation.

5.  Defendant received the following payments from the debtor which payments were paid by the debtor's bank as follows:

| Check No. | Date of Check | Check Amount |
|---|---|---|
| 8386 | 01/24/2017 | $ 23,496.17 |
| 7907 | 02/15/2017 | $ 725,000.00 |

6.  Defendant was an insider as the Debtor Farmers Grain LLC, with each having the common manager and/or owner Galen Jantz.

7.  On information and belief, there were no obligations of the Debtor to Defendant to support consideration for the payment of such transfers.

8.  Debtor was insolvent at the time of such transfers.

9.  In the course of discovery, Plaintiff may discover other transfers which are avoidable under 11 U.S.C. §§ 544, 547, 548, 549 and/or 550. Defendant is hereby placed on notice that all such transfers may be avoided by the Trustee by a claim that will relate back in time to the date of filing of this Complaint.

10. The above facts are incorporated by reference and restated into each Count below.

## COUNT ONE
## FRAUDULENT CONVEYANCE

11.     Debtor's payments (described above) to Defendant were transfers of an interest of the debtor in property made with fraudulent intent and/or constructively fraudulent and:

> **(A)** made with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made; or
> **(B) (i)** Debtor received less than a reasonably equivalent value in exchange for such transfer; and
> **(ii) (I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> **(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> **(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
> **(IV)** made for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

12.     The above transfers to Defendant constitute avoidable fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A) and/or § 548(a)(1)(B).  Trustee is entitled to avoid the transfers for the benefit of the estate pursuant to 11 U.S.C. § 550(a).

## COUNT TWO
## PREFERENCE CLAIM

13.     Debtor's payments (described above) to Defendant were transfers of an interest of the debtor in property:

   a. to or for the benefit of a creditor;

   b. for or on account of an antecedent debt owed by the debtor before such transfer was made;

   c. made while the debtor was insolvent;

   d. made on or within 90 days before the date of the filing of the Petition; and

   e. enabled Defendant to receive more that it would have received in a chapter 7 liquidation if the transfer had not been made and Defendant received payment of such debt to the extent provided by the Bankruptcy Code.

14. Debtor's payments to Defendant constitute avoidable preferences as pursuant to 11 U.S.C. §§ 547(b). Trustee is entitled to avoid the transfers for the benefit of the estate pursuant to 11 U.S.C. § 550(a).

WHEREFORE, Plaintiff prays that the transfer to Defendant be avoided, that judgment be entered against Defendant in the amounts specified above, and for such other and further relief as is just.

DATED this 17th day of April, 2019.

        EVANS KEANE LLP

        By   /s/ Jed W. Manwaring
            Jed W. Manwaring, Of the Firm
            Attorneys for Trustee